IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID FOREMAN, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 15-585-RGA |
| STATE OF DELAWARE, | : | |
| Respondent. | : | |

**MEMORANDUM**

I.  **BACKGROUND**

Petitioner David Foreman has filed a Motion for Extension of Time to File a Habeas Petition Pursuant to 28 U.S.C. § 2254. (D.I. 1) Although Petitioner's bare-bones letter motion does not provide much information, the two published Delaware state court decisions regarding his case reveal the following information.

In May 2011, a Delaware Superior Court jury convicted Petitioner of one count of first degree rape, two counts of first degree robbery, one count of first degree assault, four counts of possession of a firearm during the commission of a felony, and three counts of possession of a deadly weapon during the commission of a felony. *See Foreman v. State*, 47 A.3d 971 (Table), 2012 WL 2857752, at *1 (Del. July 11, 2012). He was sentenced to a total of 112 years at Level V imprisonment (with credit for time served), to be suspended after serving forty-five years and successful completion of the Family Problems Program for decreasing levels of supervision. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions on July 11, 2012. *Id.* at *3.

Sometime thereafter, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied

on December 16, 2013. *See Foreman v. State*, 93 A.3d 653 (Table), 2014 WL 2565693, at *1 (Del. June 4, 2014). The Delaware Supreme Court affirmed the Superior Court's judgment on June 4, 2014. *Id.*

In July 2015, Petitioner filed a letter motion asking this Court to extend the time for him to file a § 2254 petition. (D.I. 1) Petitioner asserts that he filed a second Rule 61 motion in the Delaware Superior Court rather than a federal habeas petition in this Court because of his ignorance of the law. He states that the second Rule 61 motion was dismissed on June 19, 2015 as barred under Rule 61(I). (D.I. 1 at 2) He also states that he "understands the law has a time standard to meet when filing a habeas corpus, and you wouldn't be wrong if you didn't grant me an extension." *Id.*

## II. GOVERNING LEGAL PRINCIPLES

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, Rule 2 of the Rules Governing Section 2254 Proceedings requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," and "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner." Rule 2, 28 U.S.C. foll. § 2254. Rule 4 requires a district court judge to *sua sponte* dismiss a § 2254 petition without ordering a responsive pleading if "it plainly appears from the petition any attached exhibits that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. In short, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In turn, according to Article III, Section 2, of the United States Constitution, federal

2

courts only have the authority, or jurisdiction, to consider ongoing cases or controversies. *See Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. A court may *sua sponte* raise the lack of subject matter jurisdiction at any time. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).

## III. DISCUSSION

A petitioner seeking relief under § 2254 presents a case or controversy invoking a federal district court's jurisdiction by asserting that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A petitioner's motion for an extension of time to file a § 2254 petition will only invoke a federal district court's jurisdiction if: (1) the extension request is filed upon or after the filing of a § 2254 petition; or (2) the extension request contains allegations sufficient to present a case or controversy under § 2254 such that the court should construe the request to be a substantive § 2254 petition.[1] *See Anderson v. Pa. Att'y Gen.*, 82 F. App'x 745, 748-49 (3d Cir. 2003); *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001) (§ 2255 motion).

In this case, Petitioner did not contemporaneously file a § 2254 petition with his extension request, and he did not file the extension request after filing a § 2254 petition.

---

[1]In contrast, a federal court can only **grant** a defendant's request for an extension of time to file a § 2254 petition when the defendant both (1) requests the extension upon or after filing a § 2254 petition, and (2) demonstrates that "rare and exceptional circumstances" warrant equitable tolling in his case. *See Green*, 260 F.3d at 82-83; *Anderson*, 82 F. App'x at 749.

3

Additionally, the Court cannot construe Petitioner's extension request to be a substantive § 2254 petition, because Petitioner does not even hint at the substance of his § 2254 claims or allege that he is in custody in violation of the Constitution or laws of the United States. Rather, he merely asserts that he filed a second Rule 61 motion in the Delaware state courts instead of filing a federal habeas petition, which is insufficient to present a case or controversy under § 2254. For these reasons, the Court concludes that it must dismiss Petitioner's Motion for an Extension of Time for lack of subject matter jurisdiction.[2]

## V. CONCLUSION

For the aforementioned reasons, the Court will dismiss Petitioner's Motion for an Extension of Time to file a § 2254 petition. To the extent the Court must consider whether to grant a certificate of appealability, the Court so declines because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2. (2011).

A separate Order will be entered.

Date: October 7, 2015

UNITED STATES DISTRICT JUDGE

---

[2] Even if Petitioner's instant Motion for an Extension of Time were sufficient to create a case or controversy and the Court had subject matter jurisdiction under § 2254, the Court would summarily dismiss the Motion for failing to sufficiently state a claim for relief under Rule 2, 28 U.S.C. foll. § 2254. *See* Rule 4, 28 U.S.C. foll. § 2254; *Anderson*, 82 F. App'x at 749 (concluding that "the District Court did not err by failing to recharacterize Anderson's motion as a § 2254 motion [] where Anderson did not sufficiently state a claim for relief.").

4